UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROWTH ALLIANCE GROUP LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTMAS SQUARE GROUP LLC, et al.,<br><br>        Defendants. | Case No. 24-cv-09093-RFL<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

    Plaintiff Growth Alliance Group LLC brings this action against Christmas Square Group LLC and Francisco Santos (collectively, "Defendants"), alleging that Plaintiff entered into a marketing and license agreement with Defendants, and that Defendants breached the contract by failing to pay Plaintiff the $187,436.25 it was owed. In addition to asserting a claim for breach of contract, Plaintiff brings claims against Defendants for quantum meruit and promissory fraud as well. On March 10, 2025, Defendants moved to dismiss these claims. (Dkt. No. 24.) For the reasons stated below, the motion to dismiss is **DENIED IN PART AND GRANTED IN PART**. This order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

    ***Breach of Contract Claim.*** To state a claim for breach of contract, a plaintiff must prove (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). Plaintiff has adequately pled its breach of contract claim. Plaintiff alleges that it entered into a marketing and intellectual property license agreement with Defendants to market and promote Horrorland. Under the agreement, Plaintiff

1

was required to spend $150,000 between September 2024 and November 2024 "to market and promote the business on digital platforms, such as Google, Facebook, Instagram, TikTok, YouTube, Snapchat, and other similar platforms." (Dkt. No. 1 ("Compl.") ¶ 11.) In exchange for these services, and after the total gross revenue exceeded $558,748, Plaintiff was allegedly entitled to the next $150,000 in revenue, and additionally, 25% of any gross revenue in excess of $708,748. (*Id.* ¶ 12.) Plaintiff alleges that it performed these services, and that Defendants failed to pay the $187,436.25 it owed Plaintiff under the agreement—which constitutes alleged breach. Accordingly, Plaintiff has plausibly stated a claim.

Defendants argue that Plaintiff's failure to attach the entire agreement to its complaint provides a ground for dismissal. However, under the Federal Rules of Civil Procedure, a plaintiff is not required to attach the contract to plausibly state a claim for breach of contract. Plaintiff has excerpted the relevant portions of the agreement that detail requirements for performance and the revenue sharing structure. That is sufficient to state a claim. *Grapevine Educ., LLC v. Educ. Ventures, LLC*, No. 22-cv-01699, 2023 WL 5167274, at *5 (S.D. Cal. Feb. 17, 2023). The motion to dismiss with respect to the claim for breach of contract is denied.

***Quantum Meruit Claim.*** Quantum meruit "is an equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Ent. Grp. Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992). The elements of a quantum meruit claim are: "(1) that the plaintiff performed certain services for the defendant, (2) their reasonable value, (3) that they were rendered at defendant's request, and (4) that they are unpaid." *Cedars Sinai Med. Ctr. v. Mid-W. Nat'l Life Ins. Co.*, 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000).

Under California law, a plaintiff may not "pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter." *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (Ct. App. 2012). While a plaintiff "may assert quantum meruit and unjust enrichment as alternative claims" to breach of contract, "it

2

must still set forth factual allegations sufficient to state a claim for relief." *Abira Med. Laby's LLC v. Blue Cross Blue Shield of Arizona Inc.*, No. 24-cv-01485, 2025 WL 1000739, at *9 (D. Ariz. Apr. 3, 2025); *see also Atencio v. TuneCore, Inc.*, No. 16-cv-01925, 2017 WL 10059254, at *2 (C.D. Cal. Aug. 17, 2017) (finding that plaintiff sufficiently pled a claim, in the alternative, for quantum meruit where facts alleged went "to the heart of the [] agreements' enforceability").

Plaintiff alleges that it entered into a contract that governs the subject matter at issue: that is, the co-marketing and intellectual property licensing agreement under which Defendants allegedly failed to pay the $187,436.25 they owed. However, Plaintiff does not allege that there is a dispute as to the validity of the contract, such that an unjust enrichment claim could be pled as an alternative theory. Nor does Plaintiff allege any other facts that would plausibly state a claim for quantum meruit. Accordingly, the motion to dismiss this claim is granted with leave to amend, as Plaintiff may be able to plead facts to correct this deficiency.

***Promissory Fraud Claim.*** "To state a claim for fraud under California law, a plaintiff must allege: (1) a misrepresentation (false representation, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Arena Restaurant & Lounge LLC v. S. Glazer's Wine & Spirits, LLC*, No. 17-cv-03805-LHK, 2018 WL 1805516, at *8 (N.D. Cal. Apr. 16, 2018). Promissory fraud, or fraud in the inducement, is a subspecies of fraud, and requires a plaintiff asserting that claim to plead that "the defendant made a promise [] that it had no intention of performing." *SVGRP LLC v. Sowell Fin. Servs., LLC*, No. 16-cv-07302-HRL, 2017 WL 1383735, at *4 (N.D. Cal. Apr. 18, 2025).

Rule 9(b)'s heightened pleading standard applies to claims for fraud. "This means that allegations of fraud must be stated with 'specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Id.* (internal quotations omitted)).

Plaintiff has failed to adequately plead scienter. "[I]n promissory fraud cases, mere allegations that the Defendant did not intend to perform, and in fact did not perform, without

3

more, are insufficient" to plausibly allege scienter.  *Pac. Contours Corp. v. Fives Machining Syst., Inc.*, No. 18-cv-00413, 2018 WL 6204579, at *5 (C.D. Cal. Oct. 29, 2018).  Otherwise, "every breach of contract claim would support a claim of fraud so long as the plaintiff adds to [their] complaint a general allegation that the defendant never intended to keep [their] promise." *Sam Rubin Ent., Inc. v. AARP, Inc.*, No. 16-cv-06431, 2016 WL 7336554, at *6 (Dec. 15, 2016).  Plaintiff's Complaint contains no more than conclusory allegations that Defendants "did not intend to make the payment at the time it made the promise, as evidenced by their failure to make the payment or respond to payment demands," and that Defendants "intended that Plaintiff rely on this promise."  (Compl. ¶¶ 29-30.)  *See, e.g.*, *Pac. Contours*, 2018 WL 6204579, at *6 (finding that plaintiff adequately pled scienter where the complaint "contain[ed] factual allegations that, combined with reasonable inferences drawn therefrom, support[ed] a motive").  These allegations, without more, are insufficient to plausibly allege scienter.  Accordingly, the motion to dismiss this claim is granted with leave to amend, as Plaintiff may be able to allege facts to correct this deficiency.[1]

*__Claims Against Francisco Santos.__*  Plaintiff asserts its claims against Francisco Santos, in his individual capacity, in addition to asserting its claims against Christmas Square Group LLC.  Ordinarily, a signatory is not personally liable for a breach of contract where the contract distinguishes between the liable parties and the signatory.  *See Smith v. Simmons*, 638 F. Supp. 2d 1180, 1194-95 (E.D. Cal. 2009).  Plaintiff contends that Santos is liable under the alter ego doctrine, which requires the following conditions to be met: "First, that the corporation is not only influenced and governed by [the defendant], but that there is a unity of interest and ownership that the individuality, or separateness, of the said [defendant] and corporation has ceased; second, that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice."

---

[1] Defendants argue that this claim should be dismissed without leave to amend because it is barred by the economic loss rule.  Fraudulent inducement is an exception to that rule, if properly pled.  *Lee v. Fed. St. L.A.*, No. 14-cv-06264, 2016 WL 2354835, at *9 (C.D. Cal. May 3, 2016).  However, as already explained, Plaintiff has not adequately pled that claim.

4

*Firstmark Cap. Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir. 1988) (quoting *Wood v. Elling Corp.*, 142 Cal. Rptr. 696, 702-03 n.9 (Ct. App. 1977). "Factors that can be used to support the first element, unity of interest, include commingling of funds, failure to maintain minutes or adequate corporate records, identification of the equitable owners with the domination and control of the two entities, the use of the same office or business locations, the identical equitable ownership of the two entities, the use of a corporation as a mere shell, instrumentality or conduit for a single venture of the business of an individual, and the failure to adequately capitalize a corporation." *Pac. Mar. Freight, Inc. v. Foster*, No. 10-cv-00578, 2010 WL 3339432, at *6 (S.D. Cal. Aug. 24, 2010).

Plaintiff's Complaint contains no more than conclusory allegations that a unity of interest exists between Santos and Christmas Square Group LLC. For example, Plaintiff alleges that all of the following factors support piercing the corporate veil: (1) commingling of funds, (2) treatment by Santos of the assets as his own, (3) failure to maintain minutes or adequate records, (4) Santos' control over the LLC, (5) sole ownership of all membership interests by Santos and his family, (6) failure to adequately capitalize the LLC, (7) use of the LLC as a mere shell, (8) the LLC's disregard of legal formalities, and (9) Santos' intent to contract with Plaintiff through the LLC as a shield against personal liability. (Compl. ¶ 5.) However, simple recitation of these factors, without factual allegations to support such assertions, does not justify application of this "extreme remedy," which should be "sparingly used." *Sonora Diamond Corp.*, 99 Cal. Rptr. 2d 824, 836 (Ct. App. 2000). Accordingly, the motion to dismiss the claims as to Santos is granted with leave to amend, as Plaintiff may be able to cure this deficiency.

***Damages and Attorneys' Fees.*** Finally, Defendants argue that Plaintiff may not seek consequential, incidental, indirect, exemplary, special, or punitive damages because the contract "clearly and unambiguously excludes them." (Dkt. No. 24 at 25.) As a result, Defendants seek dismissal of Plaintiff's "claims" for punitive damages and attorneys' fees. A motion to dismiss under Rule 12(b)(6) is an "improper vehicle[] for seeking dismissal of a request for punitive [or other] damages." *Apple, Inc. v. Starr Surplus Lines Ins. Co.*, No. 24-cv-03738-RFL, 2024 WL

4834424, at *1 (N.D. Cal. Nov. 18, 2024). "A prayer for punitive damages is not a standalone cause of action, but a remedy for a viable claim." *Id.* Accordingly, the motion to dismiss these remedies is denied.

*Conclusion.* For the reasons stated above, the motion to dismiss with respect to the breach of contract claim, as brought against Christmas Square Group LLC, is denied. The motion to dismiss with request to the quantum meruit and promissory fraud claims is granted with leave to amend. All claims against Santos are dismissed with leave to amend.

If Plaintiff wishes to file an amended complaint correcting the deficiencies identified above, counsel shall do so by **July 3, 2025**. The amended complaint may not add new claims or parties, or otherwise change the allegations, except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. If no amended complaint is filed by that date, the case will proceed as to the breach of contract claim against Christmas Square Group LLC only, and the remaining claims will remain dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: June 12, 2025

RITA F. LIN
United States District Judge